IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SALVADOR PEREZ, | ) | No. C 10-3730 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTIONS FOR EXTENSION OF TIME AND TO FILE LARGE BRIEF; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; SCHEDULING SUMMARY JUDGMENT MOTION** |
| v. | ) | |
| MATTHEW CATE, et al., | ) | |
| Defendants. | ) | |
| _____ | | (Docket Nos. 32, 35, 39, 40) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a cognizable claim for relief. Plaintiff filed an opposition, and Defendants filed a reply. For the reasons discussed below, the motion to dismiss is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff alleges that on September 11, 2009, officials at Pelican Bay State Prison, placed him in a plastic restraining device because they suspected that he had

ingested a cell phone. This suspicion was based upon a letter Plaintiff had written, but which Plaintiff contends was misunderstood by prison officials. Defendant Winningham allegedly ignored Plaintiff's request for an x-ray, and instead he and Defendant Tupy placed Plaintiff kept him in the restraining device for four days, through September 14, by which time he had defecated a sufficient number of times that they were satisfied that he had not in fact ingested a cell phone. Plaintiff alleges that this restraining device, which he describes a "plastic pipes device," was manufactured by one of the PBSP guards and that it caused him a great deal of pain. He further alleges that the cell he was placed into during this time was filthy and cold, and that he did not receive any hygiene products.

Plaintiff was retrained pursuant to a procedure used in the California prisons for restraining inmates who are suspected of ingesting contraband. The procedure is called "Contraband Surveillance Watch" ("CSW"), and it is intended to prevent the inmate from accessing or destroying the contraband that they might have ingested. CSW entails dressing the inmate in a jumpsuit, taping the clothing around the abdomen, and placing him in both mechanical leg restraints and mechanical waist restraints with attached handcuffs. The inmate's bowel movements, urine, and clothing are searched. The inmate is kept in these restraints for seventy-two hours, or the time it takes the inmate to have three bowel movements that are free of contraband. The amount of time an inmate is placed on CSW can be extended.

PBSP has its own additional measures for inmates on CSW. At PBSP, an inmate on CSW is also required to wear plastic tubes over their hands, covering their hands and forearms. The tubes are removed only to allow the inmate to eat, to use the bathroom, and to attend medical evaluations, during which time a prison official must be present. These measures were authorized at PBSP in 2008 by Defendant Jacquez, the PBSP Warden at the time.

2

**DISCUSSION**

**A.    Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit its review to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Here, Plaintiff attaches to the amended complaint records relating to his state court conviction, including the abstract of judgment, minute orders by the state court, and the sentencing transcript. In addition, the Court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*

Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim. *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

**B.    Analysis**

    **1.    Eighth Amendment**

Plaintiff claims that his placement on CSW at PBSP violated his Eighth

Amendment rights to be free from cruel and unusual punishment. Defendants argue that this claim should be dismissed as to all Defendants except for Winningham and Tupy because they were the only ones personally involved in his seventy-two hour placement on CSW. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Defendants argue that Plaintiff has failed to allege personal involvement by Defendants Cook, Jacquez, Bradbury, Cruse, Brandon, McMillan and Cate because Plaintiff does not allege that they "actually placed" the plastic tube devices on him, spoke with him, observed him while he was on CSW, denied his request for an x-ray instead of CSW placement, or heard a complaint from them regarding the CSW conditions. Plaintiff may allege any of these things in order to state a cognizable claim against Defendants, but he need not. Under *Leer* and *Barren*, he must simply allege actions by Defendants that proximately caused the claimed constitutional violation, in this case his placement on CSW and subjection to the alleged CSW conditions.

Plaintiff has done so with respect to Defendants Cook and Cruse insofar as he has alleged that they authorized his retention on CSW, in the plastic tubes, for an extra 24 hours. (Amend Compl. at 17-19.) This proximately caused Plaintiff to endure additional allegedly painful time in the CSW devices. Plaintiff alleges his placement in the CSW devices initially was not justified, and extending his time in such devices was also allegedly unjustified. When liberally construed, these allegations are sufficient to state a cognizable claim against Defendants Cook and Cruse for the violation of his Eighth Amendment rights.

The remaining Defendants allegedly are or were supervisors at PBSP and in the California prison system as a whole. "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A supervisor may be liable under Section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207(9th Cir. 2011); *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges that Defendant Jacquez implemented the CSW policy and procedures that were used on him at PBSP, including the plastic tube devices, and that Defendants Cate, Jacquez, McMillan, and Brandon knew about such procedures but failed to use their supervisory powers to prevent their use. He also alleges that Defendants Cate and Jacquez failed to properly train, supervise and discipline the other Defendants to ensure that they did not violate his constitutional rights. "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). As may evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at

1446.

At a later stage of the proceedings, such as in a motion for summary judgment, the Court may consider any evidence that the supervisor Defendants may want to present showing that they did not implement the CSW procedures applied to Plaintiff, did know about them, did not have any authority or ability to act to prevent them, were not involved in the training, supervision or discipline of the other Defendants, or did not have the mental state required to violate Plaintiff's Eighth Amendment rights. At this stage, however, Plaintiff's allegations must be taken as true and liberally construed in his favor. So construed, his allegations about the supervisory Defendants are sufficient to state a cognizable claim for relief against them under Section 1983.

Defendants' motion to dismiss Plaintiff's Eighth Amendment claim will be denied. The Court notes that his allegations are cognizable as a violation of his rights under the Eighth Amendment either on the theory that Defendants's use of the CSW procedures amounted to excessive force or subjected him to unsafe prison conditions.

### 2. Due Process

Plaintiff also claims that Defendants violated his right to due process by placing him on CSW. Defendants argue that Plaintiff has failed to state a cognizable claim because the CSW conditions that he alleges are not "atypical and significant" when compared to the ordinary prison conditions. Deprivations that are authorized by state law amount to deprivations of a liberty interest protected by due process, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one freedom from a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).[1] Whether

---

[1] A liberty interest is also implicated where the state action "will inevitably affect the duration of [a] sentence," *id.* at 487, but that is not at issue here.

6

a restraint is "atypical and significant" under *Sandin* requires a court to consider: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Id.* at 861.

Plaintiff alleges that he spent four days and three nights straight in a jumpsuit duct-taped around his abdomen, in mechanical waist and leg restraints and handcuffs, with his hands and forearms stuck into painful plastic tubes, all in a cold and dirty cell with no access to soap or other sanitary products. Defendants have not shown that these alleged conditions mirror the conditions of inmates in administrative segregation or protective custody. When liberally construed, they are sufficient to be considered "atypical and significant" when compared to the ordinary prison conditions. Consequently, Plaintiff's claim that Defendants violated his right to due process, when liberally construed is cognizable.

### 3. State Law Claim

Plaintiff also claims that his civil rights were violated under California Civil Code § 52.1. Defendants argue that this claim is barred by the statute of limitations. It is not disputed that in order to bring this claim, Plaintiff had to file his claim within six months of the state's denial of his administrative tort claim. *See* Cal. Gov. Code § 945.6; *Moore v. Toomey*, 120 Cal. App. 4th 914 (2004). Here, the state rejected his claim on December 17, 2009. Under the "mailbox rule," the instant action is deemed filed on the date Plaintiff gave his original complaint to prison officials for mailing to the Court. *See Douglas v. Noelle*, 567 F.3d 1103, 1107-09 (9th Cir. 2009) (mailbox rule applies to the filing of § 1983 complaint). The original complaint filed herein was signed on May 1, 2010, before the six-month deadline expired, but the proof of service

1  was signed on July 28, 2010, after the six-month deadline expired. The proof of service
2  is controlling because in it Plaintiff swears under penalty of perjury that he gave his
3  complaint to officials for mailing on July 29, 2010. The signature page of the original
4  complaint (Compl. at 15) only shows that he signed the complaint on May 31, 2009, it
5  does not indicate when he gave it to prison officials for mailing. As such, it does not
6  rebut the sworn declaration in the proof of service stating that the complaint was given
7  to prison officials after the statute of limitations had expired. Accordingly, Plaintiff's
8  state law claims will be dismissed as untimely.

## CONCLUSION

For the foregoing reasons,

1. Defendants' motion to dismiss is DENIED IN PART AND GRANTED IN PART (docket number 35). Plaintiff's claims under state law are DISMISSED. Defendants' motion for an extension of time (docket number 32) is GRANTED. Plaintiff's motion for leave to file a large brief (docket number 39) is GRANTED, and his motion for appointment of counsel (docket number 40) is DENIED. Plaintiff shall not file any further motions for appointment of counsel. The Court will on its own initiative attempt to locate pro bono counsel at a later date should the circumstances of the case so warrant.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **ninety (90) days** from the date this order is filed, Defendants shall file a motion for summary judgment, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the**

1 **opinion that this case cannot be resolved by summary judgment, they shall so
inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

  b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

  c. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

 5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

//
//

9

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 8, 2011

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR PEREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE et al,<br><br>    Defendant.<br>_____ / | Case Number: CV10-03730 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Salvador Perez
J47812
P.O. Box 7500
Crescent City, CA 95532

Dated: December 8, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk