IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR PEREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____ | No. C 10-3730 JSW (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL AND TO STAY DISCOVERY; EXTENDING TIME TO FILE OPPOSITION**<br><br>(Docket Nos. 49, 59) |

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983 against officials of the California Department of Corrections and Rehabilitation and Pelican Bay State Prison, where Plaintiff is incarcerated. Defendants' motion for summary judgment was filed on March 7, 2012, and Plaintiff's opposition is presently due on April 6, 2012.

Plaintiff has filed a motion to compel production of two sets of documents, and Defendants have filed a motion to stay discovery pending resolution of the issue of qualified immunity, which they have argued in their motion for summary judgment. Courts should generally stay discovery until the threshold issue of qualified immunity is resolved. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1988). However, "[a] stay of discovery pending the resolution of another issue is proper if discovery would not affect a decision on that issue." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). To the extent the discovery Plaintiff seeks is not relevant to whether Defendants are entitled to qualified immunity, therefore, the discovery will be stayed.

In his motion to compel, Plaintiff seeks "any and all background and work

histories of past suits, reprimands for misbehavior and misuse of force" as to all Defendants. (Mot. Compel at 3.) This request is clearly over-broad and vague. It is also not at all clear how it is relevant to whether Defendants' violated Plaintiff's constitutional rights on the particular occasion referenced in the complaint. He also seeks to compel documents used to determine that he should be placed on Contraband Surveillance Watch, including a letter by Plaintiff. (*See* Mot. Compel at 5-6.) Defendants have indicated that they are producing such documents. To the extent they have not already done so, they shall produce such documents, including the letter by Plaintiff, within **14 days** of the date this order is filed.

As Defendants have already provided a substantial amount of responses to the discovery previously propounded, they assert a qualified immunity defense, and Plaintiff has not shown in his motion to compel that additional discovery (apart from that discussed above) is reasonably likely to lead to the discovery of evidence relevant to the resolution of either the issue of qualified immunity or the underlying constitutional claims, discovery is otherwise STAYED until resolution of Defendant's motion for summary judgment.

Defendants' motion to stay and Plaintiff's motion to compel are GRANTED IN PART AND DENIED IN PART. The deadline for Plaintiff's opposition to Defendants' motion for summary judgment is extended to and including **May 14, 2012**. Defendants shall file a reply brief within **14 days** of the date any opposition is filed. This order terminates docket numbers 49 and 59.

IT IS SO ORDERED.

DATED: April 9, 2012

_____
JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR PEREZ,

        Plaintiff,

  v.

MATTHEW CATE et al,

        Defendant.

Case Number: CV10-03730 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Salvador Perez
J47812
P.O. Box 7500
Crescent City, CA 95532

Dated: April 9, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk